48 F.3d 1215
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Lloyd BAKER, Plaintiff-Appellant,
v.
MECKLENBURG COUNTY, NORTH CAROLINA; J. Harry Weatherly,
Jr., individually, and in his official capacity as
Director of Finance of Mecklenburg
County, North Carolina,
Defendants-Appellees.
 No. 94-1508.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1994.
Decided: March 3, 1995.
 
 ARGUED: Michael Anthony Sheely, SHEELY & YOUNG, Charlotte, North Carolina, for Appellant. James Orr Cobb, Jr., RUFF,
 BOND, COBB, WADE & McNAIR, L.L.P., Charlotte, North Carolina, for Appellees. ON BRIEF: G. Michael Barnhill, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Charlotte, North Carolina, for Appellees.
 OPINION
 Before ERVIN, Chief Judge, HAMILTON, Circuit Judge, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Lloyd Baker, a Mecklenburg County employee, appeals from the district court's grant of the defendants' summary judgment motion in an action that Baker brought under 42 U.S.C. Sec. 1983, the First and Fourteenth Amendments to the United States Constitution, and Article I of the North Carolina Constitution. Baker argued a substantially similar claim before this court some five years ago. Baker v. Mecklenburg County, No. 88-2097, 1990 WL 122244 (4th Cir. Aug. 27, 1990) (per curiam) (Baker I ). In this case, as in Baker I, appellant Baker contends that his employer retaliated against him for expressive conduct that should have been afforded protection under the First Amendment. Specifically, Baker claims that beginning in 1992, Mecklenburg County officials began retaliating against him for having initiated litigation against the county in 1986. Baker is only entitled to relief if he can demonstrate that Baker I constituted speech on a matter of public concern as required by Supreme Court and Fourth Circuit precedent. This he is unable to do. We, therefore, affirm the district court's grant of summary judgment.
 
 I.
 
 2
 The present dispute between Mecklenburg County and Baker arises out of tensions that first developed in the early 1980s. In July 1982, Baker's supervisor, Nathan Alberty, decided to reorganize the county's finance department. Baker was placed in charge of one of the two newly created subdivisions, and Harry Weatherly, formerly one of Baker's subordinates, was assigned to head the other subdivision. Baker opposed the new division of power, in part, because Weatherly would serve as second-in-command behind Alberty. In complaining to his superiors, Baker mentioned that he knew about financial improprieties on Alberty's part. Importantly, Baker had known about this wrongdoing ever since May 1980, but did not speak to anyone about the situation until July 1982, when Weatherly was given the more substantial promotion.
 
 
 3
 In Baker I, Baker alleged that his employer and supervisor had retaliated against him as a result of the information that he had provided to officials about Alberty's indiscretions. At the time that Baker filed the suit, however, Alberty had already been dismissed from county employment. The record also reveals that Alberty's dismissal was based on grounds other than allegations of financial wrongdoing. Contrary to Baker's suggestion that he was motivated by his concerns as a private citizen, all relief sought by Baker was of a wholly personal nature--$500,000 in compensatory damages and $250,000 in punitive damages. Baker's complaint raised no issues of any consequence to other employees in the finance department or to members of the public at large. By the time Baker made the decision to initiate litigation in 1986, all that remained were personal grievances with his supervisors, particularly his frustration at being passed over for the second-in-command position.
 
 
 4
 Having failed once to convince the Fourth Circuit that he is entitled to damages as a result of his employer's retaliatory actions, Baker now claims that Mecklenburg County and Weatherly retaliated against him more recently for having filed the 1986 lawsuit. Curiously, the record includes no alleged retaliatory actions on the part of county officials prior to January 1992, when Baker's responsibilities in the finance department were narrowed. This action was taken six years after Baker had filed the initial suit. Baker also contends that beginning in 1992, Weatherly threatened to eliminate Baker's job and refused to support Baker in his supervisory duties. Despite these claims of unfair retaliation, the record reveals that Baker continued receiving above average evaluations after he filed the first suit. Additionally, he received annual raises for three consecutive years and never lost any employee benefits as a result of having initiated litigation.
 
 II.
 
 5
 As the district court properly concluded, the central issue in this case is whether Baker's 1986 litigation can properly be classified as an expression relating to matters of public concern. Under the rule established in Connick v. Myers, 461 U.S. 138 (1983), unless a plaintiff's lawsuit can "be fairly characterized as constituting speech on a matter of public concern, it is unnecessary for[this court] to scrutinize the reasons for [his present complaint]." Id. at 146; accord Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir.1990) (plaintiffs who assert First Amendment whistle-blower claims under Sec. 1983 must demonstrate that "the expressions which are alleged to have provoked the retaliatory action relate to matters of public concern"). Using Connick and Huang as its guide, the district court assessed whether the 1986 litigation had been brought by an employee acting in his capacity as a private citizen or as a public employee.
 
 
 6
 Having concluded that the suit had not been brought by an employee "speaking" as a citizen, the district court addressed the issue of whether Baker I had raised an issue of public concern. Baker attempted to satisfy the "public concern" component of the tests articulated in Connick and Huang by blurring the distinctions between the expressive conduct that served as the basis for Baker I and the expressive quality of Baker I itself. We agree with the district court that Baker I represented nothing more than a public employee's expression of personal grievances concerning his own employment. The 1986 litigation, which serves as the basis for this present suit, did not relate to a matter of public concern. We, therefore, affirm the grant of summary judgment based on the reasoning set forth in the opinion of the district court.* Baker v. Mecklenburg County, No. CA-92-439-3-P (W.D.N.C. Apr. 9, 1994).
 
 AFFIRMED
 
 
 *
 Because Baker failed to present a genuine issue of material fact with regard to the public concern element of the Huang test, there is no need for us to resolve the secondary issue of whether Baker can show that Mecklenburg County's alleged retaliatory action deprived him of some valuable benefit. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1985) (summary judgment is warranted where non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an essential element [of his] case, and on which that party will bear the burden of proof at trial"). The fact that Baker maintained his job, obtained annual salary increases, and received favorable performance evaluations after he had filed the 1986 litigation undermines his claim of having lost valuable benefits